UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Crim. No. 05-412 (EGS) |
| **v.** : | |
| : | |
| **JOSEPH A. WASHINGTON, JR.,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S NOTICE REGARDING RULE 609 EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Notice Regarding 609 Evidence. This Notice serves to inform the Court and Defendant, Joseph A. Washington, Jr., of Defendant's criminal history and the Government's intention to use Defendant's convictions should such evidence be relevant and appropriate under the Federal Rules of Evidence. In support of this Notice, the Government submits the following points and authorities.

**BACKGROUND**

Defendant is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Those of Defendant's prior convictions that would be admissible under Federal Rule of Evidence 609 are summarized in the chart below:

| Offense | Case No. | Jurisdiction | Sentence | Date |
|---|---|---|---|---|
| Escape | F-6024-97 | District of Columbia | 1-3 years imprisonment, execution of sentence suspended as to all but six months; 2 years probation | 11/19/97 |
| Bail Reform Act | F-6021-97 | District of Columbia | 1-3 years imprisonment, execution of sentence suspended as to all but six months; 2 years probation | 11/19/97 |

| | | | | |
|---|---|---|---|---|
| Possession with Intent to Distribute Cocaine | F-7771-95 | District of Columbia | 2 to 6 years imprisonment | 11/19/97 |

## ARGUMENT

Federal Rule of Evidence 609(a)(1) provides that convictions punishable by imprisonment in excess of one year "shall be admitted" to attack the credibility of a defendant in a criminal case "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The district court also "has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct." *United States v. Lipscomb*, 702 F.2d 1049, 1068 (D.C. Cir. 1983) (*en banc*).

Defendant's convictions should be admitted under Rule 609 if he chooses to testify. In evaluating whether the probative value of Defendant's convictions outweighs their prejudicial effect, the district court should begin with the premise, articulated by the *en banc* D.C. Circuit, that all felony convictions are at least somewhat probative of a defendant's credibility. *Id.* at 1062. "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged with distribution of phenmetrazine; after taking the stand, he was impeached with a prior conviction for drug distribution. *Id.* at 943, 947. The appellate court upheld the admission of the conviction. *Id.* at 951. Although the defendant in *Lewis* denied that he was knowledgeable about drug transactions, and the prior drug conviction

was probative of knowledge, the court's "analysis did not treat this [additional] reason as critical" in admitting the conviction under the Rule 609 balancing test. *Lipscomb*, 702 F.2d at 1058 n.35.

Inasmuch as every impeachment by prior conviction involves some prejudice to a defendant, that prejudice by itself should not preclude the Government's impeachment of Defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice . . . is not *if*, but how much.") (emphasis in original). Should Defendant testify in this case, his credibility will be a central issue for the jury. The probative value of Defendant's convictions, which involve three serious offenses, in assessing his credibility outweighs whatever prejudice there may be to Defendant, particularly given the limiting instruction that can be given to the jury to preclude its use of the convictions for an improper purpose.

## CONCLUSION

WHEREFORE, the Government respectfully notifies the Court and Defendant of its intention to impeach Defendant with the prior convictions set forth above should he choose to testify.

                                              Respectfully submitted,

                                              KENNETH L. WAINSTEIN
                                              United States Attorney

By: _____
     JESSIE K. LIU
     Assistant United States Attorney
     D.C. Bar No. 472845
     555 Fourth Street, N.W., Room 4649
     Washington, D.C. 20530
     (202) 514-7549