```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA   :
                           :
         v.                :         Criminal No. 05-412 (EGS)
                           :
JOSEPH A. WASHINGTON       :
```

## MOTION TO RECONSIDER
## ORDER OF DETENTION AND IMPOSE CONDITIONS OF RELEASE

Mr. Joseph A. Washington, the defendant, through undersigned counsel, respectfully moves this Honorable Court to reconsider the Order of Detention issued by the Honorable Deborah A. Robinson on October 21, 2005 and impose conditions of release.

In support of this motion, counsel submits the following:

1. Mr. Washington is charged in a one count indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. The charge arose out of an incident that occurred on October 18, 2005. Mr. Washington was arrested on that date and held without bond, pending a detention hearing.

2. On March 8, 2004, the Honorable Deborah A. Robinson held a detention hearing and ordered Mr. Washington held without bond. At the time, Mr. Washington was being held without bond in a traffic matter before the Superior Court of the District of Columbia.

3. Following his arrest in this case, Mr. Washington was sentenced by a judge of the Superior Court to a 90 day sentence for operating a vehicle after suspension. That sentence will be completed on December 25, 2005.

4. Mr. Washington is thirty-two years old and lives in the District of Columbia with his girlfriend, Jahree Fredericks. Pretrial services verified Mr. Washington's address, following his arrest.

5. Mr. Washington has worked as a barber for fifteen years.

6. Although Mr. Washington has prior convictions, if released, he would not be a danger to the community or risk of flight. Mr. Washington's most recent convictions involved traffic offenses – as noted above, he was recently convicted of operating after suspension and he had been convicted of the same offense earlier this year. He also has a conviction from more than ten years ago, in 1993, for a misdemeanor carrying a pistol without a license and a conviction for possession of a controlled substance from the same year. Ten years ago, in 1995, he was convicted of possession with intent to distribute cocaine. In 1997, after leaving a halfway house, he was convicted of escape from an institution and a Bail Reform Act violation. For those offense, he served an additional six months incarceration.

7. Although Mr. Washington has the convictions for the Bail Reform Act violation and the escape from a halfway house from more than seven years ago, he would not present a risk of flight

or danger to the community if released in this case to the High Intensity Supervision Program.  Mr. Washington has a tremendous incentive to comply with all of the Court's Orders and appear for trial.  Undersigned counsel has advised Mr. Washington that if he is found guilty, if he fails to appear in court his potential sentence under the United States Sentencing Guidelines would increase by at least two offense levels and he would face approximately two additional years incarceration.  If Mr. Washington obstructs justice while on release, his offense level would be increased an additional two levels, and he would face another additional approximately two years incarceration.  Thus, Mr. Washington knows that in this case he risks substantial punishment for violating any Court order.  Moreover, the electronic monitoring and restrictions of the High Intensity Supervision Program would further guarantee the safety of the community and Mr. Washington's appearance in court.

   8.  Counsel recognizes that Mr. Washington will not be eligible for placement into the High Intensity Supervision Program until he resolves a pending warrant for an obstructing & hindering, a misdemeanor offense pending in Hyattsville, Maryland.  However, if the court were to release him with instructions to resolve that matter and return to this Court for placement in the High Intensity Supervision Program, counsel believes that Mr. Washington would be eligible at that time.

    WHEREFORE, for the foregoing reasons, Mr. Washington respectfully moves this Honorable Court to reconsider Magistrate Judge Robinson's detention order and set conditions of release.

                              Respectfully submitted,

                                      /s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004

(202) 208-7500