UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 05-412 (EGS) |
| | : | |
| **JOSEPH A. WASHINGTON** | : | |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Mr. Joseph Washington, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him or from the search of light blue Lincoln on October 18, 2005. Mr. Washington requests an evidentiary hearing on this motion. In support of this motion, Mr. Washington submits the following.

**Factual Background**

Mr. Washington is charged in a one count indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The charge arose out of an incident that occurred on October 18, 2005.

On that date, officers of the Metropolitan Police Department stopped and arrested Mr. Washington in the area of 1535 Kenilworth Avenue, N.E. The officers also searched a light blue Lincoln automobile. According to the officers, inside the car,

they found a Remington 12 gauge shotgun and shotgun shells. The officers did not have probable cause to arrest Mr. Washington or probable cause to search the car.

### Argument

Probable cause is an essential prerequisite to an arrest. <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). Mr. Washington was arrested at the point that the police officer stopped him. At that point, the police had no information that suggested that Mr. Washington had committed a crime. The warrantless arrest of Mr. Washington, therefore, was unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Washington. <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Washington and the unlawful warrantless search of the car. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are <u>per se</u> unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated

exceptions" to the warrant requirement of the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967). Here, the police officers did not have search warrants to search Mr. Washington and/or the car. Because Mr. Washington was not lawfully under arrest at the time of the searches, there is no applicable exception to the warrant requirement. Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Washington and the car must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Washington respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from him or from the search of the car.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender

         /s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500