UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**      :

                                                         :

        **v.**      :      Criminal No. 05-412 (EGS)

                                                         :

**JOSEPH A. WASHINGTON**      :

**MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Mr. Joseph Washington, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of a prior convictions to impeach Mr. Washington should he chose to testify at trial.

## Background

Mr. Washington is charged in a one count indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. On December 8, 2005, the government filed a notice indicating an intent to seek to admit a 1997 conviction for escape, a 1997 conviction for a Bail Reform Act violation, and a 1997 conviction for possession with intent to distribute cocaine for impeachment purposes under Federal Rule of Evidence 609, if Mr. Washington testifies at trial.

## **Argument**

Federal Rule of Evidence 609 provides:

>    (a) General rule.  For the purpose of attacking the credibility of a witness,
>    (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>    (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>    (b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike

Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect.  In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offense outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

The government provides no proffer as to the circumstances of the prior conviction nor any argument as to why the nature of the conviction alone demonstrates the probative value, and these convictions are not admissible under Rule 609.  First, the government seeks to use convictions for an escape and a Bail Reform Act violation.  These convictions occurred more than eight years ago and have little if any probative value – the government provides no specific indication of the probative value of these convictions.  The government also seeks to use an eight year old conviction for possession with intent to distribute cocaine.  Mr. Washington is not charged with distributing or possessing any drug in this case.  Evidence that Mr. Washington had possessed with intent to distribute cocaine in the past is irrelevant and

extremely prejudicial. Thus, the "probative value" of the convictions supported by specific facts and circumstances plainly does not "outweigh [their] prejudicial effect to the accused." Fed. R. Crim. 609(a)(1).

Finally, the Court should consider that the charge against Mr. Washington is possessing a firearm after being convicted of a crime punishable by more than a year incarceration. Therefore, the jury will already know that Mr. Washington has a prior conviction and could use this fact to assess his credibility. Disclosing the nature of the convictions would only further prejudice Mr. Washington, without adding any probative value. As the Court is aware, it is common practice in this jurisdiction to stipulate to the existence of such a conviction without informing the jury of the nature of the prior conviction. Informing the jury of the nature of the prior convictions would significantly prejudice Mr. Washington because there is a significant risk that the jury may infer from the fact of a prior convictions for a controlled substance offense that Mr. Washington possessed the firearm at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## **Conclusion**

For the foregoing reasons, Mr. Washington respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

                                   Respectfully submitted,

                                   A.J. KRAMER
                                   Federal Public Defender

                                   /s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20001
(202) 208-7500