UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-412 (EGS) |
| | : | |
| JOSEPH A. WASHINGTON, JR. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court and notifies this Court and Defendant, Joseph A. Washington, Jr., of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b). In support of this motion and notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

**FACTUAL BACKGROUND**

Defendant Joseph A. Washington, Jr., is charged with one count of Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). This charge arose out of Defendant Washington's criminal conduct on October 18, 2005. At about 8 p.m. on that day, officers of the Metropolitan Police Department saw a light blue Lincoln with its headlights off stop at the intersection of Polk and Olive Streets, N.E., in Washington, D.C. The driver, Defendant Washington, pulled a black mask over his head and then sped off towards Kenilworth Avenue, N.E. Followed by the officers, Defendant Washington drove to the BP gas station at xxxxxxxxxxxxxxxxxxxx, where he left the

Lincoln idling and began to walk away. An officer saw a Remington 12-gauge shotgun in plain view on the Lincoln's front passenger seat. Defendant Washington was arrested.

## OTHER CRIMES AND BAD ACTS BY DEFENDANT

The Government seeks to introduce the facts and circumstances surrounding Defendant Washington's prior conviction, on April 10, 1996, in the District of Columbia Superior Court, Case No. M-6247-93, for Carrying a Pistol Without a License. In that case, on May 11, 1993, Metropolitan Police Department officers assigned to investigate sounds of gunfire in the 1400 block of L Street, S.E., received a citizen tip that a brown two-door car had fled from the area at a high rate of speed. Shortly afterwards, the officers conducted a traffic stop on a vehicle matching this description. Two male occupants of the car, one of whom was Defendant Washington, bailed out and ran. The officers gave chase. During the pursuit, Defendant Washington pulled a shiny object from his waistband and threw it away. After Defendant Washington was apprehended, officers found a .25 caliber handgun loaded with six rounds of .25 caliber ammunition in the area where he had thrown the shiny object. Defendant Washington had another round of .25 caliber ammunition in his right front pants pocket. Defendant Washington pleaded guilty to Carrying a Pistol Without a License.

## LEGAL ANALYSIS AND ARGUMENT

This Court should admit evidence of Defendant Washington's other crimes and bad acts, as described above, in the instant case. Evidence of other crimes, wrongs or acts is admissible under Federal Rule of Evidence 404(b) if offered for a permissible purpose. Permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). In determining whether Rule 404(b)

evidence is admissible, courts employ a two-part analysis. Initially, the Court considers whether the evidence is relevant under the standard set forth in Rule 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." *Id.*[1/] If the Court deems the evidence relevant, it then must decide whether the prejudicial impact of the testimony *substantially* outweighs its probative value. Fed. R. Evid. 403; *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).[2/] In close cases, the rule favors admission of the prior misconduct evidence. *Id.* at 989; *see also United States v. Johnson*, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986) (stating that "the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978)).

The Government maintains that in the instant case, Defendant Washington constructively possessed the shotgun in the front passenger seat of the car that he exited just before the shotgun was discovered. Because the Government is proceeding on a constructive possession theory, *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), does not apply, and Rule 404(b) evidence would be admissible under the *Cassell-Garner* line of cases. *United States v. Cassell*, 292 F.3d 788 (D.C. Cir. 2002); *see also United States v. Garner*, 396 F.3d 438 (D.C. Cir. 2005). In *Cassell*, officers of

---

[1/] In the context of Rule 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not required under Rule 104(a). *Huddleston v. United States*, 485 U.S. 681 (1988).

[2/] Nearly all evidence offered by the Government in a criminal proceeding arguably will be prejudicial to the defendant. But it is only when the prejudicial effect of the evidence is *unfair* and *substantially* outweighs the probative value of the evidence that the evidence should be excluded. *Moore*, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude, and its decision will be reviewed only for "grave abuse." *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992).

the Metropolitan Police Department executed a search warrant at the home of the defendant's uncle, with whom he had been living, and found firearms in the defendant's room. 292 F.3d at 790. The district court admitted evidence that the defendant had been convicted several years before of gun possession, and that a few weeks before the search, the police had found another gun that fell from the rear bumper of his car while it was being towed. *Id.* Concluding that the evidence properly was admitted to "prove Cassell's knowledge, intent, and lack of mistake regarding the firearms recovered from his room," the D.C. Circuit affirmed. *Id.* at 795.

In *Garner*, the D.C. Circuit reaffirmed that *Cassell* is good law. The defendant in *Garner* had been seen placing a gun under the seat of a car in which he was sitting. 396 F.3d at 439. The district court admitted evidence that three years earlier, the defendant had been seated in the front passenger seat of another car and that, after police officers stopped the car for a traffic violation and removed the defendant from the car, they found a handgun under the seat and a matching magazine in the defendant's pocket. *Id.* at 440. The D.C. Circuit affirmed. It did so even though an officer had seen the defendant handling the gun (an actual possession theory), because the jury could have discredited the officer's testimony, based on his observations through a tinted window and smoke-filled compartment, and nonetheless convicted the defendant based on the undisputed testimony that the gun was under his seat (a constructive possession theory). *Id.* In such a "paradigmatic constructive possession scenario," the court concluded, the evidence of prior firearms possession would be admissible to show knowledge, intent, and lack of accident or mistake. *Id.* at 433-44. Similarly, the instant case, in which Defendant Washington was seen driving, and then walking away from, a car with a gun on its front passenger seat, presents a "classic case for introducing prior instances of gun possession." *Id.* at 433 (quoting *Linares*, 367 F.3d at 949).

After determining that prior bad acts evidence is relevant to a non-character issue under Rule 404(b), a trial court also must decide whether the evidence is admissible under Federal Rule of Evidence 403. That rule "'tilts, as do the rules as a whole, towards the admission of evidence in close cases,' even when other crimes evidence is involved." *Cassell*, 292 F.3d at 795 (quoting *Moore*, 732 F.2d at 989). "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair." *Id.* at 796 (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)) (internal brackets and quotation marks omitted). Thus, in *Cassell*, the D.C. Circuit held that the district court properly admitted the other crimes evidence because it was probative of the defendant's knowledge, intent, and lack of accident or mistake, and posed only a "low risk that unfair prejudice would substantially outweigh the evidence's probative value." *Id.* For the same reasons, the facts and circumstances surrounding Defendant Washington's prior conviction for Carrying a Pistol Without a License should be admitted in this case.[3]

To be sure, Defendant Washington's prior gun possession conviction is twelve years old. But "the age of the prior conviction does not bar its use under Rule 404(b)." *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996). "Depending upon the theory of admissibility and the similarity of the acts . . . some remote acts may be extremely probative and relevant." *United*

---

[3] Any potential prejudice flowing from admitting Rule 404(b) evidence can be cured by an appropriate jury instruction. "[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice." *United States v. Perholtz*, 842 F.2d 343, 361 (D.C. Cir. 1988) (citation omitted); *see also United States v. Mathis*, 216 F.3d 18, 25 (D.C. Cir. 2000) (stating that jurors are presumed to follow instructions). Indeed, in *Cassell*, the D.C. Circuit explicitly stated that an instruction that the jury is "only to consider the evidence for the limited and proper purposes of *modus operandi*, specific intent, knowledge, and absence of mistake or accident . . . can sufficiently protect a defendant's interest in being free from undue prejudice." *Cassell*, 292 F.3d at 796 (internal quotation marks omitted).

*States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989); *see also United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997) (stating that the court applies "a reasonableness standard, examining the facts and circumstances of each case," in deciding whether conviction is too old to be admitted). In this case, Defendant Washington's knowledge and lack of accident or mistake are critical issues on which his prior gun possession sheds invaluable light.

Indeed, other circuits have admitted convictions about the same age in similar situations. *E.g.*, *United States v. Love*, 419 F.3d 825, 828 (8th Cir. 2005) (affirming admission of drug convictions from 1991 and 1994 to show knowledge and intent); *United States v. Vo*, 413 F.3d 1010, 1018-19 (9th Cir.), *cert. denied*, 126 S. Ct. 875 (2005) (upholding admission of 13-year-old drug conviction to show knowledge); *United States v. Walker*, 410 F.3d 754, 757-59 (5th Cir.), *cert. denied*, 126 S. Ct. 633 (2005) (holding that 1987 drug convictions were admissible to show intent in 2003 drug prosecution); *United States v. Terry*, 702 F.2d 299, 316 (2d Cir. 1983) (holding that 20-year-old drug conviction would have been admissible as bearing on knowledge and intent). This Court should do the same.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the United States respectfully submits that its motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
ROBERT J. FEITEL
Assistant United States Attorney
D.C. Bar No. 433-180
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
202.353.3706

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Mary Petras, AFPD, this 26th day of January, 2006.

_____
ROBERT J. FEITEL
ASSISTANT UNITED STATES ATTORNEY