IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 05-412 (EGS) |
| ) | |
| JOSEPH WASHINGTON ) | |

**OPPOSITION TO GOVERNMENT'S MOTION TO USE 404(b) EVIDENCE**

The government's motion seeks the introduction, in its case in chief, of evidence that Joseph Washington was previously convicted of the misdemeanor offense of Carrying A Pistol Without A License. The prosecution argues that his possession of a pistol 13 years ago is admissible evidence that he constructively possessed the shotgun in this case and should be admitted to prove the defendant's knowledge about the weapon and the lack of accident or mistake. Based upon this theory, the Government requests permission to introduce this prior conviction and its surrounding facts from 1993.

**Argument**

The Government has accurately set forth the facts in this case and in the defendant's prior matter for which he entered a guilty plea. The defense agrees that the prosecution has recited the relevant case law which requires this Court to engage in a multi-step process as follows: (1) to make a determination whether there is sufficient evidence to support a finding by the jury that the defendant committed the similar act, (2) after the Government states the purpose for which it is introducing the Rule 404(b) evidence, to make a second determination about whether the evidence is being offered for a legitimate purpose, and (3) to decide whether the probative value of the

other crimes evidence substantially outweighs any unfair prejudice.  Huddleston v. United States, 485 U.S. 681 (1988), United States v. Mitchell, 49 F. 3d 769 (D.C. Cir 1995).

While the defendant does not quarrel with the correctness of the Government's recitations, he disputes the prosecution's analysis of the law and its applicability of the 404(b) evidence to the instant facts.  The only similarities between the facts in the two cases are that each involved a gun and a car.  The comparisons end there.   In the prior case, Mr. Washington exited a vehicle being followed by a police car,[1] ran away from the area and tossed a shiny object which he admitted was a .25 caliber handgun to the ground.  In his possession at the time of his arrest was a round of ammunition which fit the revolver.

The weapon in this case is not a handgun of any type, nor was it on the defendant's person, and therefore in his actual possession at any time.  The Government seeks to use facts that Mr. Washington was seen in **actual** possession of a gun in an earlier instance to be proof that he was in **constructive** possession of a shotgun some 13 years later.

The government hopes to establish at trial that the defendant knew that there was a gun in the vehicle from which law enforcement officers contend he arose and that he constructively possessed it.  Since there will be no testimony that Mr. Washington was ever seen in actual possession of the recovered shotgun, the Government seeks to prove the elements of the indicted crime by arguing that just as he knew about the tossed weapon in 1993, so, too, did he know about the weapon discovered in the car in which he allegedly was driving.

Admittedly, the government is obligated to prove intent and knowledge as to the charged crime.  The government's argument is that if Mr. Washington intentionally and knowingly possessed a weapon in the past, then he did so again in this case.  This evidence is not properly

---

[1] It is unknown whether it was marked or unmarked.

admitted under Federal Rule of Evidence 404(b) and should be excluded under Federal Rules of Evidence, Rule 403, as being more prejudicial than probative. The Government's argument is nothing more than an attempt to obtain a conviction with rank propensity evidence. The Government wishes to show the defendant's past bad behavior and then jump to the assumption that he acted in conformity with that bad behavior. It holds "no relevance to any material issue in the case except to show the likelihood that, having once fallen into sin a second slip is likely." United States v. James, 181 U.S.App.D.C., 555 F. 2d 992,998 (1977).

    This evidence, if allowed, will be highly prejudicial in nature and may cause extreme prejudice in the minds of the jurors. This is particularly true where, as here, the Government intends to put forth the intimate facts as well as the prior conviction. The Government hopes to tell the jury that the police in the earlier case had received a 911 call for "shots fired," thereby being allowed to promote the inference that Mr. Washington not only possessed the pistol in 1993 but that he also used it for an unlawful purpose. The mere fact that the defendant possessed a gun on an earlier occasion is particularly inflammable in a weapons case. The risk of incurable error is too great regardless of what a limiting instruction might state. It is highly likely that the jury will place excessive weight on the prior conviction and its surrounding facts and conclude that Mr. Washington must have possessed the shotgun in this case.

    For these reasons, and any other reasons that may appear to the court at a hearing on this Motion, Mr. Washington requests the court to deny the government's motion *in limine* to admit evidence in its case in chief of his past criminal conduct and the accompanying criminal conviction.

Respectfully submitted,

_____
DIANE S. LEPLEY
Counsel for Joseph Washington
400 7th Street, N.W., Suite 400
Washington, D. C. 20004
202/393-0007

Case 1:05-cr-00412-EGS   Document 24   Filed 07/27/2006   Page 4 of 4