UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-412 (EGS) |
| v. : | |
| : | |
| JOSEPH A. WASHINGTON, JR., : | |
| : | |
| Defendant. : | |

FILED

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF THE OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Joseph A. Washington, Jr., hereby submit this Statement of the Offense. The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant knowingly possessed a firearm and ammunition;

2. That the firearm and ammunition had been shipped or transported from one state to another; and

3. That, at the time Defendant possessed the firearm and ammunition, Defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on October 18, 2005, at about 8 p.m., undercover officers of the Metropolitan Police Department were in an unmarked vehicle at Olive and Polk Streets, N.E., in Washington, D.C., when they saw a light blue Lincoln automobile stop at the intersection. Its driver pulled a black mask over his head and sped off towards Kenilworth Avenue, N.E. The undercover officers gave a lookout for the car and followed it to a BP gas station in the 1500

block of Kenilworth Avenue, N.E., in Washington, D.C. Officers pulled into the BP gas station and observed Defendant, Joseph A. Washington, get out of the car and walk away. An officer went up to the car and saw, in plain view, a Remington 12 gauge shotgun on the front passenger seat. The barrel of the shotgun measured 13.5 inches in length. The overall length of the shotgun was 26 inches. The shotgun was loaded with two cartridges. Defendant Washington knew that he was in possession of the shotgun and ammunition.

Further investigation revealed that at the time he possessed the shotgun, Defendant Washington had been convicted of a crime punishable by imprisonment for a term exceeding one year in D.C. Superior Court Criminal Case Number F-7771-95. Furthermore, neither the shotgun nor the cartridges had been manufactured in the District of Columbia, and therefore had traveled in interstate commerce to reach the District of Columbia.

This Statement of the Offense is a summary of Defendant Washington's participation in the offense of Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this Statement of the Offense is to demonstrate that a factual basis exists to support Defendant Washington's guilty plea in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: /s/ Donnell W. Turner
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419

## DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of Offense and have discussed it with my attorney, Pleasant Brodnax, III, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 12-15-06

Joseph Washington, Jr.
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 12-15-06

Pleasant Brodnax, III, Esq.
Attorney for Defendant