HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-05-412-01</u> |
| vs. | : | SSN: |
| WASHINGTON, Jr., Joseph | : | Disclosure Date: <u>April 24, 2007</u> |

FILED
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Donnell W. Turner_                           _6/25/07_
**Prosecuting Attorney**                      **Date**

**For the Defendant**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ _____    _____ _____
**Defendant**            **Date**    **Defense Counsel**       **Date**

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>May 8, 2007</u>, to U.S. Probation Officer <u>Renee Moses-Gregory</u>, telephone number <u>(202) 565-1348</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Chief
    United States Probation Officer

**Receipt and Acknowledgment** Page 2

See attachment

Signed by: _Darnell W. Turner_
(Defendant/Defense Attorney/AUSA)

Date: 6/25/07

## ATTACHMENT TO RECEIPT AND ACKNOWLEDGMENT OF PSR

The Government respectfully objects to the PSR writer's calculation of the defendant's base offense level. Specifically, the writer has incorrectly calculated the defendant's base offense level to be **24**. See PSR ¶ 12. Apparently, this calculation was due to the perceived applicability of USSG § 2K2.1(a)(2), rather than USSG § 2K2.1(a)(1) in this case. The former section provides that provides that a base offense level of 24 is appropriate if the defendant committed the instant offense after having been convicted of two felonies of either a crime of violence or a controlled substance offense. See USSG § 2K2.1(a)(2). However, given the facts of this case, it is clear that USSG § 2K2.1(a)(1) clearly applies. First, under USSG § 2K2.1(a)(1), a defendant receives a base offense level of 26, "if (A) the offense involved a . . . (ii) firearm that is described in 26 U.S.C. § 5845(a), and (B) the defendant committed [the instant offense after having been convicted of two felonies] of either a crime of violence or a controlled substance offense." Second, pursuant to 26 U.S.C. § 5845(a)(1), the term "firearm" means "a shotgun having a barrel or barrels of less than 18 inches in length." The facts of the instant case reflected, and, indeed, the defendant agreed, that the firearm possessed he possessed was a shotgun with a barrel that measured 13.5 inches in length (and an overall length of 26 inches). See PSR ¶¶ 5,6 (relating to information taken from the Statement of Offense, which the defendant signed in acknowledgment as the offense conduct in this case and was the basis of his guilty plea). Thus, because USSG § 2K2.1(a)(1) is clearly applicable in this case and because it contains a greater base offense level than USSG § 2K2.1(a)(2), the correct base offense level is **26** and, consequently, the defendant's total offense level is **23**. See PSR ¶¶ 12-20. The defendant's Guidelines range for a violation of 18 U.S.C. §§ 922(g) should therefore be 70-87 months' incarceration, rather than 57-71 months, as calculated. See PSR ¶ 83.